## MOTOR REQUIREMENTS CORPORATION et al. v. KEYSTONE WATCH CASE CORPORATION.

### No. 4738.

Circuit Court of Appeals, Third Circuit.

March 9, 1933.

Henry F. Stockwell and Bleakly, Stockwell & Burling, all of Camden, N. J., for appellants.

Alfred E. Driscoll and Starr, Summerill & Lloyd, all of Camden, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears from the written contract of the parties that motor company furnished to Keystone a model of a gasoline filter, and Keystone agreed to construct for motor company a large number of filers similar to the sample. The contract also provided: "Motor Corporation agrees to furnish to Keystone from time to time, when and as requested by Keystone, at the cost and expense of Motor Corporation, such quantity of suitable and proper dies as may be necessary for the manufacture of the aforesaid filters and the clamps hereinafter mentioned."

To insure payment therefor by motor company to Keystone, eight shareholders of the former gave an indemnity bond to Keystone, which provided "that the liability of each of the undersigned shall never under any circumstances or condition exceed the sum of $15,000.00."

Averring that it had performed its contract and that motor company had not paid it, Keystone brought suit on its contract and against the eight shareholders on their surety bond. The motor company filed a counterclaim alleging it had suffered damage in a large amount by the alleged failure of Keystone to fulfill the contract. The sureties defended on the ground that Keystone had not so fulfilled its contract, and that the changes from the model which Keystone made in the filter had not been authorized by motor company in the way the contract provided for variations therefrom.

The trial occupied some ten or eleven days, and the voluminous testimony taken is not set forth in the record before us. The court, in its charge, submitted to the jury the question of whether the changes made from the model were, under the proofs, made by those authorized to make them, and whether, if so authorized, Keystone had duly performed. These underlying questions the charge submitted as follows:

"Now, I want to say this: While the testimony has apparently covered a very wide lot of ground and the problem has been approached from a great many different angles, there is after all a simple proposition: Did or did not Keystone manufacture these gas filters in accordance with the original sample, or in accordance with any modifications and alterations thereto, which bore the stamp of

authority on the part of those who agreed to them, if they did agree to them? That is the whole question that is involved here and the one which you must determine."

In the absence of the testimony, we cannot say the proofs as to the changes were not sufficient to warrant submission to the jury, so we find no error in that regard. And the verdict, which was

For plaintiff against defendants

Damages

| | |
|---|---:|
| 50,000 filters at $1.05 | $52,500.00 |
| Less amount paid | 889.35 |
| | 51,610.65 |
| Interest to date | 4,233.00 |
| | $55,843.65 |

settled the question of changes in the contract and performance by Keystone, and the counterclaim of motor company, adversely to defendants.

Subsequent to the trial, and on a motion for a new trial, the court's attention was called to the $15,000 limitation of liability of each of the sureties, whereupon a stipulation was filed remitting the verdict, so far as each surety was concerned, to the $15,000 provided by the surety bond. It was contended by the sureties that the court had no power to so modify the verdict, which was for $55,000 against all the defendants. We cannot so hold. The sureties made no request for a special form of verdict as to each of them—no doubt for the reason that such request might have been construed by the jury as a virtual admission that the verdict should be for plaintiff—and the questions of change in the contract, performance by Keystone, counterclaim for damages, were all submitted to the jury in a charge which contemplated a general verdict by the jury in favor of Keystone if it performed, or in favor of the defendants if the defences and counterclaim set up prevailed. The action of the court under the stipulation limiting liability of each of the sureties to $15,000 in no way passed on any question which the jury should have passed upon. The enforcement of this judgment not to exceed $15,000 against any defendant, which, of course, the court below will see done, gives each surety exactly what the contract provides, and this, of course, without prejudice to any rights of contribution the sureties have against their fellows.

It remains to consider one other contention, that the court erred in affirming the plaintiff's first point, which was as follows: "If you find that Motor Requirements Cor-

poration furnished Keystone Watch Case Company with certain dies for the manufacture of the filters and authorized or approved of certain changes in them, and if you further find that Keystone Watch Case Company manufactured filters in accordance with the dies as thus modified, then Keystone Watch Case Corporation is entitled to recover and your verdict should be for the plaintiff."

It is argued that this made the dies alone, and not the sample, the ground of plaintiff's verdict. We cannot feel the jury could, in view of the general charge, have been misled. The court's answer was as follows: "I will charge that. You see, that is with the contemplation that you find these various things—that is, all by a preponderance of the evidence—to your satisfaction."

This answer, in its words, "with the contemplation that you find these various things—that is, all by a preponderance of the evidence—to your satisfaction," was clearly meant to instruct the jury to have in view the sample, the dies, and the alleged lawful modifications thereof. Such holding is in line with the then view of defendants' counsel, who, in the exception then taken, excepted generally and did not call the attention of the court to what is now contended, namely, that this answer restricted the jury to a consideration of the dies alone.

Regarding the case as fairly tried, we affirm the judgment.